IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. RAMIREZ INOA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL NO. 08-1875 (JAG)<br>(Related to CRIMINAL NO. 94-363 (JAG)) |

**REPORT AND RECOMMENDATION**

Luis A. Ramírez-Inoa ("Ramírez-Inoa") was sentenced on January 16, 1996; judgment was entered accordingly on said date. (Docket 111-112 of case 94-363 (JAG)). Two days later, Ramírez-Inoa filed a notice of appeal. (Docket 117 of case 94-363 (JAG)). On June 9, 1998, the United States Court of Appeals for the First Circuit affirmed the judgment that had been entered over two years earlier. (Docket 155 of case 94-363 (JAG)).

On August 26, 1999, Ramírez-Inoa proceeded to file a motion under Title 28, United States Code, Section 2255 to vacate the sentence and the judgment imposed on January 16, 1996. (Docket 1 of case 99-1967(HL)). This petition, however, was dismissed with prejudice on October 10, 2000. (Docket 3-4 of case 99-1967(HL)).

On August 7, 2008, petitioner Ramírez-Inoa filed, by means of a letter dated July 14, 2008, a *pro se* motion under Title 28, United States Code, Section 2255 to vacate, set aside or correct the sentence imposed upon him in case 94-393 (JAG) on January 16, 1996. (Docket 1 of the case at bar and Docket 112 of the related criminal case). Although significant portions of Ramírez-Inoa's letter are unintelligible, petitioner seems to allege, among other things: that he is innocent and that he has always

declared himself to be innocent; that there were different versions of the events in controversy; that it is illegal for somebody to accuse another person without evidence; that the length of his sentence is unfair or unreasonable; that there is no justification for him being in prison; that the judge, the attorneys, and the jury should not discriminate; that the judge lost his mind; that the only evidence in his case comes from José Lugo Sánchez; that he is not fluent in the English language; that he does not have money or anybody to help him with his §2255 motion; that he needs a court-appointed attorney; that Assistant U.S. Attorney Jeanette Mercado-Ríos is corrupt because "she was caught in suppression falsifying [evidence]" (translation ours); that "Laffitte ... was a bad judge that more than once denied my rights" (translation ours); and that he has nothing to do with the case for which he was sentenced.

A one-year statute of limitations applies to petitions under section 2255 which begins to run from the latest of various events, only two of which are relevant to the petition currently pending before the court: "(1) the date on which the judgment of conviction becomes final; ... [or] (4)the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255(1). Judgment was entered against Ramírez-Inoa on January 16, 1996, and affirmed on June 9, 1998. Therefore, clearly more than a year has elapsed between the filing of the current Section 2255 petition and the date when the judgment became final. In addition, from those portions of Ramírez-Inoa's petition that are intelligible, no new allegations have been raised about matters that could not have been previously discovered through due diligence. Thus, petitioner's motion under Section 2255 has been untimely filed.[1]

---

[1] Furthermore, Ramírez-Inoa already has had a previous Section 2255 request, which resulted in being dismissed with prejudice. Moreover, as the record shows, Ramírez-Inoa has also had his opportunity to present his claims before the appellate forum. In the end, Ramírez-Inoa's appeal and his previous Section 2255 petition were found insufficient to vacate the sentence that he is currently serving.

WHEREFORE, it is recommended that Luis A. Ramírez-Inoa's Section 2255 petition be denied and that the case be dismissed.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this report. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 21st day of August of 2008.

s/Marcos E. López  
U.S. MAGISTRATE JUDGE
